In the Matter of the Application of HERBERT BROWNELL, JR., and Another, to Direct the Board of Elections of the City of New York to Recognize HERBERT BROWNELL, JR., and Another, as Candidates Duly Nominated by the City Fusion Party, in the County of New York, for the Offices of Assemblyman and Alderman, Respectively, in the Tenth Assembly and Aldermanic Districts, Borough of Manhattan, City of New York, to Consider the Petitions of Independent Nomination Filed in Said Office of the Board of Elections as Sufficient in Number of Signatures and in Proper Form to Nominate the Said Candidates for Their Respective Offices on the Paper or Machine Ballots, and for Further Relief.

HERBERT BROWNELL, JR., and Others, Appellants; BOARD OF ELECTIONS OF THE CITY OF NEW YORK and Others, Respondents.*

First Department, October 27, 1933.

*Aaron Benenson* of counsel, for the petitioners, appellants.

*Elihu Root, Jr.,* of counsel, for the appellant City Fusion Party.

* Affd., 262 N. Y. 707.

*A. Welles Stump* of counsel, for the respondents.

*Henry J. Shields,* of counsel, for the respondent the Board of Elections of the City of New York.

PER CURIAM. In addition to the reasons given by the Special Term for rejecting these petitions as defective, another and far more important reason might have been assigned.

The petitions clearly contain a number of forged signatures. An examination of pages 104 and 105 of the petition discloses the fact that many of the signatures are in the same handwriting. When these signatures are compared with the admittedly genuine signatures of the parties found in the books of registration, there is no room for doubt.

For the additional reason stated herein the order should be affirmed.

MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ., concur; FINCH, P. J., dissents and votes to reverse the order appealed from and grant the motion.

FINCH, P. J. (dissenting). The scope of the appeal does not embrace the issue of possible forgeries as to some of the signatures. Upon such issue the appellants are entitled to a due hearing, not only as to the signatures which are claimed to be forgeries, but also whether, if it is determined that some are forgeries, the number of such forgeries is sufficient to invalidate the whole petition.

As to thirteen of the signatures, it appears that the signers were residents of the district and entitled to place the candidate in nomination when they signed the petition. Subsequent to the signing, for all that appears for perfectly valid reasons, they moved out of the district. Such subsequent moving, however, cannot in my opinion invalidate the nomination. As the petition was only short ten names out of fifteen hundred, these thirteen names would validate the petition.

I, therefore, vote to reverse the order appealed from and grant the motion.

Order affirmed.